UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES PERSONS, as Personal
Representative of the ESTATE OF
ELAINE PALMER,

      Plaintiff,

v.                                 CASE NO. 3:20cv6006-MCR-EMT

CP/AIG-PENSACOLA DEVLOPMENT,
LLC d/b/a YOUR LIFE OF PENSACOLA
and VITALITY SENIOR LIVING
MANEGEMENT, LLC

      Defendants.
_____/

**ORDER**

      Pending is the Plaintiff's Motion to Remand, ECF No. 9, and the Defendants' memo in support of removal, ECF No. 8, and response in opposition to remand, ECF No. 10. Having fully considered the matter, the Court concludes that the case must be remanded for lack of subject matter jurisdiction.

**I.    BACKGROUND**

    **A.    Procedural and Factual Background**

      Plaintiff Charles Persons as Personal Representative of the Estate of Elaine Palmer filed suit against Defendant CP/AIG-Pensacola Development, LLC d/b/a YourLife of Pensacola ("YourLife"), and Defendant Vitality Senior Living

Management, LLC, in the First Judicial Circuit in and for Escambia County, Florida, after Ms. Palmer died while a resident of an assisted living facility owned and operated by the Defendants.  The Complaint asserts claims of wrongful death and negligence, alleging the Defendants violated Ms. Palmer's rights as an assisted living resident.  *See* Fla. Stat. § 429.29 (providing a civil action to enforce rights of residents living in assisted living facilities).  YourLife is a licensed assisted living facility in Escambia County, Florida, subject to statutorily mandated duties under Florida law and the Florida Administrative Code 58A-5, which require compliance with minimum standards of operation and care.[1]  Florida law also provides residents at an assisted living facility certain rights, including the right to live in a safe environment free from abuse and neglect, to be treated with consideration and respect, and to have access to adequate and appropriate health care.  *See* Fla. Stat. § 429.28 (Resident Bill of Rights).

The Complaint alleges that Ms. Palmer was a resident at YourLife and unable to adequately care for herself when she suffered a fall on June 27, 2020.  She died on July 1, 2020.  Although the Complaint does not expressly state the cause of her death, Ms. Palmer allegedly suffered malnutrition, dehydration, severe pain, and COVID-19.  The Complaint references a long list of alleged acts and omissions by

---

[1] Vitality Senior Living Management, LLC is alleged to be vicariously liable for the acts of YourLife.

YourLife's agents and employees that deprived Ms. Palmer of reasonable care, including failing to monitor or supervise her, failing to prevent foreseeable harm, failing to care for her personal hygiene (not bathing her or brushing teeth and dressing her in soiled clothing), inadequate staffing and training, and the failing to protect Ms. Palmer from COVID-19.  Defendants allegedly failed or refused to follow COVID-19 prevention and/or control procedures, failed to test her for COVID-19, and failed to recognize her symptoms or adequately monitor her health.

Defendants timely removed the case to federal court on grounds of federal question jurisdiction, *see* 28 U.S.C. §§ 1331, 1441, 1446(b), citing the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e; the doctrine of complete preemption; and asserting the case involves a substantial federal question.  The Court required briefing on whether the PREP Act supplies the requisite subject matter jurisdiction for removal of this case.  Defendants responded that removal is supported by the Declaration of the Secretary of Health and Human Services ("HHS" or "Secretary"), who has invoked the protections of the PREP Act, as well as the Secretary's Amendments to the Declaration and Advisory Opinions of the HHS Office of General Counsel ("OGC").  Plaintiff responded with a motion to remand, citing cases from across the country nearly unanimously rejecting Defendants' arguments and maintaining that preemption

under the PREP Act is defensive in nature and invoked only on the administration or use of a covered countermeasure, which has not been alleged in this case.[2]

## B.   The PREP Act

The PREP Act was enacted by Congress in 2005 in anticipation of a public health crisis. The Act authorizes the Secretary of HHS to invoke its provisions during a public health emergency and provides broad immunity to "covered persons."[3]  42 U.S.C. § 247d-6d(a)(1).  Specifically, the statute provides: "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [required by the PREP Act] . . . has been issued with respect to such countermeasure." *Id.*  A "covered countermeasure" includes a "qualified pandemic or epidemic product,"[4] a drug, biological product, or a device "that is authorized for

---

[2]  In responding to the Court's request for jurisdictional briefing, Defendants included no case authority supporting removal jurisdiction based on the PREP Act, and in response to the Motion to Remand, Defendants cited two cases supporting removal jurisdiction.  *See Garcia v. Welltower OpCo Grp., LLC,* Case No. 8:20cv1150-JVS-KESx, 2021 WL 492581 (S.D. Cal. Jan. 25, 2021, final on Feb. 10, 2021), ECF No. 11; *Clara Rachal v. Natchitoches Nursing & Rehab. Ctr., LLC,* 1:21cv334, at 3-4 n.3 (W.D. La. Apr. 30, 2021), ECF No. 12.  Defendants did not discuss or distinguish any contrary authority.

[3]  A "covered person" is a manufacturer, distributer, or program planner of countermeasures, persons who prescribe, administer or distribute a countermeasure, or the agent or employee of a person or entity described in the statute.  *See* 42 U.S.C. § 247d-6d(i)(2).  This includes individuals, corporations public or private, or government agencies.  *Id.* § 247d-6d(i)(5).

[4]  The phrase "qualified pandemic or epidemic product" includes, in part, a drug, biological product or device that is designed to diagnose, mitigate, prevent, treat or cure a pandemic or limit the harm, or that is authorized for emergency use.  *See* 42 U.S.C. § 247d-6d(i)(7).

emergency use," or "respiratory protective device that is approved . . . and the Secretary determines to be a priority for use during a public health emergency." *Id.* § 247d-6d(i)(1).

The broad immunity provided under the PREP Act is subject to an exception for willful misconduct. *Id.* § 247d-6d(d). The PREP Act provides "exclusive federal jurisdiction" over a willful misconduct claim, and any such claim must be filed in the United States District Court for the District of Columbia and tried by a three-judge panel after exhaustion of administrative remedies.[5] *Id.* § 247d-6d(e)(1), (5). Action by the Secretary under the PREP Act is not subject to judicial review, and the Act expressly preempts any state countermeasure law that conflicts with a countermeasure authorized under the PREP Act. *Id.* § 247d-6d(b)(7), (8).

Despite granting broad immunity to those who administer covered countermeasures, the PREP Act also establishes an administrative remedy in the form of a fund to compensate eligible individuals "for covered injuries directly caused by the administration or use of a covered countermeasure," which is known as the "Covered Countermeasure Process Fund." 42 U.S.C. § 247d-6e(a). The procedures and determination of eligibility under the fund are consistent with the existing framework for injuries from smallpox countermeasures, *see id.* § 239a, and

---

[5] Subsection (d) also provides for an interlocutory appeal to the United States Court of Appeals for the D.C. Circuit by a covered person of an order denying a motion to dismiss or summary judgment motion rejecting a claim of immunity. 42 U.S.C. § 247d-6d(e)(10).

any additional regulations the Secretary may promulgate. *Id.* § 247d-6e(b)(4) (requiring proof of direct causation by "compelling, reliable, valid, medical and scientific evidence"). The PREP Act requires exhaustion of this administrative remedy before a willful misconduct suit may be brought, and on qualifying for compensation, the individual must elect either to accept compensation from the fund or bring an action for willful misconduct. *Id.* § 247d-6e(d)(1), (5). For all other claims, the administrative process is "exclusive of any other civil action or proceeding for any claim or suit this section encompasses," and judicial review of the administrative decision is expressly excluded. *Id.* § 247d-6e(d)(4), (b)(5)(C).

On March 17, 2020, the HHS Secretary issued a Declaration invoking the PREP Act protections in response to COVID-19, after declaring a public health emergency on January 31, 2020. 85 F.R. 15198-01. A number of amendments to the Declaration have since been issued addressing the scope and meaning of the Declaration, with some references to the Act's preemptive effect and the nature of the federal interest protected by the statute.[6] Of particular relevance to this suit, the Fourth Amendment to the Declaration, dated December 9, 2020, explicitly states

---

[6] The Secretary's Declaration has been amended eight times: First Amendment, 85 Fed. Reg. 21,012 (Apr. 15, 2020); Second Amendment, 85 Fed. Reg. 35,100 (June 8, 2020); Third Amendment, 85 Fed. Reg. 52,136 (Aug. 24, 2020); Fourth Amendment, 85 Fed. Reg. 79,190 (Dec. 9. 2020); Fifth Amendment, 86 Fed. Reg. 7,872 (Feb. 2, 2021); Sixth Amendment, 86 Fed. Reg. 9,516 (Feb. 16, 2021); Seventh Amendment, 86 Fed. Reg. 14,462 (Mar. 16, 2021); Eighth Amendment, 86 Fed. Reg. 41,977 (Aug. 4, 2021). *See also Leroy v. Hume*, Case No. 20cv5325ARRCLP, 2021 WL 3560876, at *2 (E.D.N.Y. Aug. 12, 2021).

there is a substantial federal interest in having a "unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities response to the pandemic."  Fourth Amendment, 85 Fed. Reg. 79190-01, at 79197. In this Amendment, the Secretary concludes that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act."[7]  The Fifth Amendment references "complete preemption," stating, "the PREP Act makes clear that there is complete preemption of state law" for covered persons "who prescribe, administer, or dispense" countermeasures.  Fifth Amendment, 86 Fed. Reg. 7872-02, 7873-74 (Feb. 2, 2021) (identifying additional covered persons authorized to deliver or administer vaccines, even if state law would otherwise prohibit them from doing so).

The Secretary has clarified that all OGC Advisory Opinions are incorporated into the Declaration and that the Declaration should be construed in accordance with

---

[7] In *Grable*, the Supreme Court articulated the substantial-federal-question doctrine, under which courts have federal jurisdiction over a state law suit in which there is a substantial federal question that is an "essential element" of the plaintiff's claim, that is "actually in dispute," and the substantial federal question "appears to be the only legal or factual issue contested in the case." 545 U.S. at 315.  In *Grable*, the Supreme Court found a state law quiet title action removable on grounds that that the meaning of a federal tax provision, determinative of the quiet title action, was "an important issue of federal law that sensibly belongs in a federal court," despite the lack of a comparable federal cause of action.  *Id.* at 315-16 (exercising federal jurisdiction "where the controversy respecting the construction and effect of [a federal law] is sufficiently real and substantial" (internal quotation omitted)).

them.  *See* Fourth Amendment to the Declaration, 85 FR 79190-01.  Of note, preemption and immunity are addressed in a January 8, 2021 opinion, OGC Advisory Opinion 21-01.  While acknowledging that the opinion itself does not have the force of law, the OGC opined that the doctrines of "complete preemption" and substantial federal question are both satisfied by the PREP Act.  The OGC concluded the Act is a "complete preemption statute" because it both establishes "a federal cause of action, administrative or judicial, as the only viable claim [and] vests exclusive jurisdiction in a federal court."  OGC Advisory Opinion 21-01 at 2 (Jan. 8 2021).  Also, the Advisory Opinion noted that "the Fourth Amendment to the Secretary's Declaration supports the *Grable* doctrine," and concluded, because the PREP Act addresses substantial federal interests and issues in a national health emergency, "the case belongs in federal court."  *Id.*  According to the Advisory Opinion, if a federal court then determines that immunity does not apply, the court would proceed to try the case as a diversity suit.[8]  *Id.* at 4-5.

In the same Advisory Opinion, the OGC noted the difficulty courts have had in determining when the PREP Act is triggered by the *non*-use of a covered countermeasure.  The Opinion clarified that the statute extends immunity to any

---

[8]  The Advisory Opinion also opines that federal courts are free to entertain discovery for jurisdictional purposes and are obligated to dismiss if no federal cause of action is alleged or if the exclusive initial venue is a federal administrative agency.  And, if PREP Act immunity is triggered and willful misconduct is alleged, the case must be transferred to the District of Columbia.

countermeasure "relating to" the administration or use of a covered countermeasure, which could include a facility's purposeful allocation of countermeasures or a decision to prioritize scarce countermeasures among individuals that results in some individuals not receiving a covered countermeasure. By contrast, "the failure to purchase any [protective equipment,] if not the outcome of some form of decision-making process may not be sufficient to trigger the PREP Act." OGC Advisory Opinion 21-01, at 3.

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant may remove an action filed in state court that is within the federal court's original jurisdiction, that is, where diversity of citizenship exists, 28 U.S.C. § 1332(a), or the suit is a civil action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441. "[T]he removing party shoulders the burden of establishing federal subject-matter jurisdiction." *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1034 (11th Cir. 2020). And it is beyond dispute that any doubts regarding the propriety of federal jurisdiction are resolved in favor of remand. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

To determine whether removal is supported by a claim arising under the Constitution or federal laws, courts examine the well-pleaded factual allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating the plaintiff is the master of the complaint); *see also Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (noting a plaintiff may plead state law exclusively and avoid federal jurisdiction, "even where a federal claim is also available"). Thus, a defense relying on the preemptive effect of a statute does not provide a basis for removal, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393.

Plaintiff has not pleaded a federal claim under the PREP Act. While asserting the failure to follow COVID-19 prevention and/or control procedures generally as a form of negligence, Plaintiff pleads only state law wrongful death and negligence claims based on state-created duties that govern a licensed assisted living facility under Florida law and Florida's patient bill of rights. Therefore, under the well-pleaded complaint rule, there is no federal jurisdiction on the face of the Complaint

to support removal. *See Caterpillar Inc.*, 482 U.S. at 394; *Beneficial Nat'l Bank*, 539 U.S. at 6.

However, the well-pleaded complaint rule is not without exception, and where an exception applies, the plaintiff cannot avoid federal jurisdiction by artfully pleading it as a state claim.[9] The Supreme Court has identified three circumstances that support removal of a state law claim as a federal question: (1) a federal statute expressly provides for removal in a given context;[10] (2) complete preemption exists (also known as super preemption"[11]) over an area of law, with federal law providing an exclusive cause of action and governing procedures; and (3) a substantial federal question is raised by the state law claim, as set out in *Grable*, 545 U.S. at 310, 312-14, *see supra* Note 7.

Defendants argue that the PREP Act completely preempts Plaintiff's state law negligence and wrongful death claims such that they are converted into a federal

---

[9] The artful-pleading doctrine precludes a plaintiff from defeating removal by simply by not pleading a necessary federal question. *DeRoy v. Carnival Corp.,* 963 F.3d 1302, 1310 n.11 (11th Cir. 2020); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) (noting courts will not permit a plaintiff to avoid removal jurisdiction by "artful pleading," that is, casting "essentially federal law claims" as state-law claims).

[10] *See Beneficial Nat'l Bank*, 539 U.S. at 6 (discussing the Price–Anderson Act, which expressly provides for the removal of tort claims arising out of nuclear accidents). The PREP Act does not expressly provide for removal, and there is no argument that it does.

[11] "[C]omplete preemption, also known as super preemption, is a judicially-recognized exception to the well-pleaded complaint rule," which "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Garcon v. United Mut. of Omaha Ins. Co*., 779 F. App'x 595, 597 (11th Cir. 2019) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1344 (11th Cir. 2009)).

cause of action and, alternatively, that the state-law claims raise a substantial federal question under the PREP Act that supports removal jurisdiction. For reasons that follow, the Court disagrees and finds the Defendants have failed to meet their burden to prove federal jurisdiction for removal under either theory.

### A.    Complete Preemption

"Complete preemption is a rare doctrine that entirely transforms a state-law claim into a federal claim, regardless of how the plaintiff framed the legal issue in his complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1261 n.16 (11th Cir. 2011) (citing *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc*., 182 F.3d 851, 854–55 (11th Cir. 1999)); *see also Schleider v. GVDB Operations, LLC*, Case No. 21-80664-CIV, 2021 WL 2143910, at *3 (S.D. Fla. May 24, 2021) (stating "[c]omplete preemption is a rare occurrence"). It is distinct from "ordinary" or "defensive" preemption, which "simply allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an affirmative defense." *See Cmty. State Bank*, 651 F.3d at 1261 n.16 (citing *Blab T.V.*, 182 F.3d at 855). For a claim to arise under federal law for purposes of removal jurisdiction, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd.,* 463 U.S. at 10-11 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)).

The complete preemption doctrine has been applied sparingly and only in the context of the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act. *See Beneficial Nat'l Bank*, 539 U.S. at 7-8, 10-11; *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1311 (11th Cir. 2001). While there is no definitive test, the Eleventh Circuit has set out several factors to consider in determining whether complete preemption applies, including "whether the state claim is displaced by federal law under an ordinary preemption analysis, whether the federal statute provides a cause of action, what kind of jurisdictional language exists in the federal statute, and what kind of language is present in the legislative history to evince Congress's intentions." *Smith*, 236 F.3d at 1312 (quoting *Blab T.V.*, 182 F.3d at 855). The determinative issue is "whether Congress not only intended a given federal statute to provide a federal defense to a state cause of action that could be asserted either in a state or federal court, but also intended to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal [one]." *Id.. Cf. Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1301 (11th Cir. 2010) (discussing preemption under ERISA as requiring two conditions: (1) that at some point, the claimant could bring the claim under the federal statute to enforce rights under the statute and (2) that no independent legal duty is implicated by the defendant's actions).

Considering these factors, the Court finds no complete preemption under the PREP Act. Without doubt, in situations where it applies, the Act provides broad immunity for covered persons and expressly preempts conflicting state laws related to covered countermeasures. But, "the PREP Act, is at its core, an immunity statute [for covered persons]; it does not create rights, duties, or obligations." *Dupervil v. Alliance Health Operations, LLC*, 516 F. Supp. 3d 238, 251 (E.D.N.Y. 2021). It does not displace all state law negligence claims related to the pandemic or COVID-19 in any way. *See Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 531 (D.N.J. 2020) (concluding the PREP Act "does not 'occupy the field' of negligence"). Nor is PREP Act immunity an essential element of the Plaintiff's cause of action. *See Franchise Tax Bd.,* 463 U.S. at 10-11 (requiring a federal right to be an essential element of the claim to arise under federal law). Moreover, the alleged actions of the Defendants in this instance implicate independent legal duties arising under Florida law for the protection of assisted living residents, stemming from the Defendants' alleged inaction and lack of care in relation to those duties. The administration or use of a covered countermeasure is not alleged, and several courts have determined that the PREP Act does not apply to allegations of the *non*-use of a covered countermeasure.[12] *See, e.g., Lutz v. Big Blue Healthcare, Inc*., 480

---

[12] This complete preemption analysis is not intended to decide the applicability of, or to preclude the use of, preemption as a defense, which is a matter to be decided on remand. *Accord. Est. of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 533 (D.N.J. 2020)

F. Supp. 1207, 1212-13 (D. Kan. 2020) ("There is simply no room to read [the PREP Act] as equally applicable to the non-administration or non-use of covered countermeasures."); *Rodina v. Big Blue Healthcare, Inc*., No. 2:20-cv-2319-HLT-JPO, 2020 WL 4815102, at *2 (D. Kan. Aug. 19, 2020) (same); *Est. of Maglioli*, 478 F. Supp. 3d at 533 (concluding the PREP Act does not cover the failure to use or administer countermeasures).

Importantly, with the exception of a claim for willful misconduct, which is not at issue here, the PREP Act does not create a cause of action that can be brought in federal court. The Act provides an administrative remedy that is exclusive and does not provide for judicial review. *See* 42 U.S.C. § 247d-6e; *Est. of Jenkins v. Beverly Hills Senior Care Facility, Inc*., Case No. CV 21-4902-JFW(KSX), 2021 WL 3563545, at *5 (C.D. Cal. Aug. 12, 2021) ("The Secretary's determination of eligibility and compensation under the [PREP Act compensation] program is final and not subject to judicial review."). The only civil action allowed is for willful misconduct, which can be pursued only after exhaustion of administrative remedies and can be filed only in the D.C. District Court. *See Dupervil,* 516 F. Supp. 3d at 251 ("Even with PREP Act claims involving 'willful misconduct,' which may be brought exclusively in the United States District Court for the District of Columbia,

-------

(emphasizing the court was not ruling "that the Defendants are, or are not, entitled to a PREP Act defense to this or that claim. That is for the state courts to decide on remand.").

the plaintiff must first exhaust administrative remedies, and may elect to accept compensation from the Process Fund instead of filing suit in federal court."). Because there is no circumstance in which an individual injured by the administration or use of a covered countermeasure could bring suit in this Court to enforce any right or obligations under the PREP Act, the statute does not reflect a congressional intent to allow removal, even assuming the facts implicate the use of a covered countermeasure.  The Court agrees with the overwhelming majority of district courts that have determined the PREP Act creates ordinary defensive or conflict preemption, not complete preemption, and therefore it does not provide a basis for removal.[13]  *See, e.g., Est. of James R. Jenkins, et al. v. Beverly Hills Senior Care Facility, Inc*., Case No. CV 21-4902-JFW(KSX), 2021 WL 3563545, at **4–5 (C.D. Cal. Aug. 12, 2021) (finding no complete preemption because the PREP Act

---

[13] Thus far, neither the Supreme Court nor the Eleventh Circuit has addressed complete preemption under the PREP Act to support removal jurisdiction, nor has any other federal circuit court. However, the federal district courts across the country have nearly unanimously rejected the proposition that the PREP Act supports removal jurisdiction based on complete preemption. *See, e.g., Dorsett v. Highlands Lake Ctr., LLC,* No. __F. Supp. 3d__, 2021 WL 3879231, at *11 (M.D. Fla. Aug. 31, 2021)*; Est. of Heim v. 1495 Cameron Ave.,* Case No. CV 21-6221 PA (ADSX), 2021 WL 3630374, at *4 (C.D. Cal. Aug. 17, 2021); *Leroy v. Hume*, Case No. 20cv5325ARRCLP, 2021 WL 3560876, at *2 (E.D.N.Y. Aug. 12, 2021). *Est. of Jenkins,* 2021 WL 3563545, at *5; *Schleider v. GVDB Operations, LLC,* Case No. 21-80664-CIV, 2021 WL 2143910, at *3 (S.D. Fla. May 24, 2021); *Evans v. Melbourne Terrace RCC, LLC*, Case No. 6:21cv381-KA-GJK, 2021 WL 1687173, *2 (M.D. Fla. Apr. 29, 2021); *Dupervil*, 516 F. Supp. 3d at 254; *Est. of Smith v. Bristol at Tampa Rehab. & Nursing Ctr., LLC,* Case No. 8:20-CV-2798-T-60SPF 2021 WL 100376, at *2 (M.D. Fla. Jan. 12, 2021); *Lutz*, 480 F. Supp. 3d at 1218; *Est. of Maglioli*, 478 F. Supp. 3d at 530-33. *But see Garcia v. Welltower OpCo Grp., LLC,* Case No. 8:20cv1150-JVS-KESx, 2021 WL 492581 (S.D. Cal. Jan. 25, 2021, final on Feb. 10, 2021), ECF No. 11 (finding complete preemption); *Clara Rachal v. Natchitoches Nursing & Rehab. Ctr., LLC,* 1:21cv334, at 3-4 n.3 (W.D. La. Apr. 30, 2021), ECF No. 12 (same).

"does not completely replace state law claims related to COVID-19" and "the PREP Act does not provide a substitute cause of action for Plaintiff['s] claims based on Defendants' alleged negligence"); *Est. of McCalebb v. AG Lynwood, LLC*, Case No. 2:20-cv-09746-SB-PVC, 2021 WL 911951, at *4 (C.D. Cal. Mar. 1, 2021) (noting complete preemption requires the creation of a federal cause of action, and "the PREP Act does not create original federal jurisdiction over a covered claim").

The Court has considered Defendants' arguments and finds them unpersuasive. Regarding the Advisory Opinion's statement that the PREP Act is a complete preemption statute, the Court declines to give it persuasive weight. By its own terms, the Advisory Opinion lacks the force of law. An agency's interpretation of a statute is entitled to deference where the statute is silent or ambiguous under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984), and an informal agency opinion may be entitled to weight, depending on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). However, courts "have not deferred to an agency's *conclusion* that state law is pre-empted," *Wyeth v. Levine*, 555 U.S. 555, 576 (2009), and the undersigned declines to do so. Also, the Advisory Opinion lacks persuasive force because it fails to

acknowledge that at no time could a PREP Act claim be filed in this Court and that no federal court except the District of D.C. has jurisdiction over any claim that could be brought under the PREP Act. The Court finds no congressional intent expressed to make the issue of PREP Act immunity removable to a court that lacks jurisdiction over the claim. Therefore, the Court concludes that the Advisory Opinion lacks the power to persuade on complete preemption for removal and is not entitled to deference. *See, e.g., Est. of James R. Jenkins,* 2021 WL 3563545, at *5; *Dupervil,* 516 F. Supp. 3d at 252.

Defendants also rely on the Fifth Amendment to the Declaration, which states that the PREP Act provides "complete preemption." But a close examination of the context of this reference supports the conclusion that ordinary preemption applies. The Fifth Amendment extends the scope of "covered persons" who are allowed to administer and distribute vaccines by identifying as "covered" those healthcare workers who hold an active license in any jurisdiction and those who hold an inactive license that was active within the last five years, regardless of whether a particular state's law might otherwise preclude that individual from administering or distributing vaccines. In this context, the Secretary states, "the PREP Act makes clear that there is complete preemption of state law as described above." Fifth Amendment, 86 Fed. Reg. 7872-02. Used in this sense, the Amendment is describing defensive or conflict preemption of a particular state licensing law, not

the type of super preemption that creates federal jurisdiction and transforms a state action into a federal cause of action for purposes of removal. *See Dupervil*, 516 F. Supp. 3d at 254 n.3.

Defendants cite the only two district court decisions to have found removal justified based on complete preemption under the PREP Act. *See Garcia v. Welltower OpCo Grp., LLC,* Case No. 8:20cv1150-JVS-KESx, 2021 WL 492581 (S.D. Cal. Jan. 25, 2021) (a "tentative" decision made final on Feb. 10, 2021); *Clara Rachal v. Natchitoches Nursing & Rehab. Ctr., LLC,* 1:21cv334, at 3-4 n.3 (W.D. La. Apr. 30, 2021). The Court is not persuaded by the analysis in either case. The decision in *Rachal* is based on an analogy to a clearly distinguishable situation involving claims that were removed to a federal district court having exclusive venue over the claims.[14]  And, the Court rejects the preemption conclusion in *Garcia* because the decision gave persuasive deference to the January 8, 2021, OGC Advisory Opinion's discussion of preemption, which the Court has found unpersuasive.

---

[14] The court in *Rachal* analyzed complete preemption in light of *In re WTC Disaster Site*, 414 F.3d 352, 377 (2d Cir. 2005). In that case, at issue was the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA" ), in which Congress had created an exclusive administrative compensation fund and also a federal cause of action with exclusive venue in the Southern District of New York, to which the case had been removed. In the *In re WTC Disaster Site* case, the Southern District of New York had appropriately denied remand based on the preemptive effect of the ATSSSA and in a situation that differs materially from this case. *See Leroy,* 2021 WL 3560876, at \*\*5-6 (distinguishing preemption under the ATSSSA from the PREP Act); *Dupervil,* 516 F. Supp. 3d at 253-54 (same).

### B.      Substantial Federal Question

Defendants alternatively argue that the Complaint is removable under the substantial-federal-question doctrine of *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), which is referenced in the Fourth Amendment to the Declaration and the January 8, 2021, OGC Advisory Opinion. Again, the Court disagrees and finds removal is not appropriate despite the federal interest articulated in the Amendment.

The relevant question under *Grable* is: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."   545 U.S. at 314.   In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).   The "substantial" element requires a demonstration that the question at issue "is significant to the federal system as a whole."  *Id.* at 263-64.

Citing *Grable*, the Fourth Amendment and the Advisory Opinion declare that the PREP Act involves "substantial federal legal and policy issues" and reference a need to maintain "a unified, whole-of-nation response to the COVID-19 pandemic"

and a uniform interpretation of the PREP Act.  85 Fed. Reg. 79190-01, at 79197;

Advisory Opinion 21-01 (stating "the case belongs in federal court" if it will define

the bounds of PREP Act immunity "in the context of a national health emergency").

The Court concludes that the broad federal interest covered by the Act does not alone

satisfy the *Grable* analysis, which also requires that the "substantial" federal

question must be necessarily raised by, and an essential element of, the plaintiff's

claims.  545 U.S. at 315.

Here, for reasons already stated, the Plaintiff's cause of action does not

necessarily raise a substantial federal issue.  The Complaint does not reference the

PREP Act or a covered countermeasure but alleges the negligent failure to follow

procedures arising from duties of care created under state law that only potentially

implicates PREP Act immunity as a defense.  A federal issue is not an element of

the Plaintiff's claims, and therefore, "the federal issue is not necessarily raised."[15]

*Est. of Jenkins*, 2021 WL 3563545, at *6 (addressing the substantial-federal-question

doctrine in relation to the PREP Act and finding it did not support removal); *Elliot*

*v. Care Inn of Edna LLC,* No. 3:20-CV-3185-S, 2021 WL 2688600, at *6 (N.D. Tex.

---

[15] As clarified in the January 8, 2021, Advisory Opinion, immunity extends to anything "relating to" the administration or use of a covered countermeasure, including a facility's purposeful allocation of countermeasures or a conscious decision not to use a covered countermeasure or a decision to prioritize scarce countermeasures among individuals.  Facts fitting within those scenarios are not expressly alleged in the Complaint, which asserts a negligent failure to follow procedures, but whether the immunity defense is actually available in this case is not at issue and is not decided.

June 30, 2021) ("An interpretation of the PREP Act is not an essential element of any of Plaintiff's claims" and immunity can be decided in state court); *Dupervil*, 516 F.3d at 258 (concluding that a potential affirmative defense under the PREP Act does not show that the plaintiff's claims are premised on, or require resolution under, the PREP Act); *see also Adventure Outdoors*, 552 F.3d at 1298 (finding that because the negligence claims at issue did not "necessarily raise a federal issue," they did not provide "a sufficient basis for the exercise of federal jurisdiction"). Again, it is settled law that a case may not be removed on the basis of a federal defense.[16] *See Franchise Tax Bd.*, 463 U.S. at 14; *Caterpillar*, 482 U.S. at 399.

Accordingly, the Plaintiff's Motion to Remand, ECF No. 9 is **GRANTED**. The Clerk is directed to **REMAND** this case to Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, and close the file.

**DONE and ORDERED** this 9th day of September 2021

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[16] The Advisory Opinion also suggests that a federal court has removal jurisdiction to determine the issue of immunity, and if no PREP Act immunity is found, then the court would simply try the case as a diversity suit—presumably in the absence of diversity of citizenship at the time of removal and with no federal issue. Allowing removal in that situation would effectively re-write diversity jurisdiction, which this Court is unwilling to do. *See Dupervil*, 516 F. Supp. 3d at 259 (declining to accept this "effective rewriting of diversity jurisdiction" and citing cases reaching the same conclusion).